# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ADENIS ENRIQUE PRIETO REFUNJOL, et al,

                    Petitioner-Plaintiffs,

- vs. -

REBECCA ADDUCCI, et al,

                    Respondent-Defendants.

Case No. 2:20-cv-2099

## MOTION TO STRIKE PORTIONS OF THE LABIER DECLARATION SUBMITTED IN SUPPORT OF DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Plaintiffs hereby move to strike portions of the May 6, 2020 Declaration of Christopher L. LaBier Regarding Morrow County Correctional Facility (the "LaBier Declaration") submitted as Exhibit 25 in support of Defendants' Response to Order to Show Cause.  Portions of the LaBier Declaration should be stricken because: (1) the declarant lacks personal knowledge under Federal Rule of Evidence 602 and thus the testimony is unreliable and based on hearsay; and (2) the testimony purports to provide expert testimony and is thus improper lay witness opinion testimony under Federal Rule of Evidence 701.

Attached to this motion is a chart setting forth the paragraphs of the LaBier Declaration that should be stricken, the relevant objections, and the sections of Plaintiffs' Declarations that directly contradict the LaBier Declaration and demonstrate the extent to which the LaBier Declaration is based on unreliable hearsay and improper lay witness testimony.

Plaintiffs respectfully request that the Court strikes these portions of the LaBier Declaration.

1

Dated May 11, 2020

Respectfully Submitted,

/s/ Elizabeth Bonham
Elizabeth Bonham (0093733)
Freda Levenson (0045916)
ACLU of Ohio Foundation
4506 Chester Avenue
Cleveland, OH 44103
Phone: (614) 586-1972
Fax: (614) 586-1974
ebonham@acluohio.org
flevenson@acluohio.org

Claire Chevrier (*pro hac vice*)
ACLU of Ohio Foundation
1108 City Park Avenue
Suite 203
Columbus, OH 43206
Phone: (614) 586-1972
Fax: (614) 586-1974
cchevrier@acluohio.org

*Attorneys for all Petitioners-Plaintiffs*

Robert Fram (*pro hac vice*)
Sophia Cai (*pro hac vice*)
Annie Shi (*pro hac vice*)
Dylan Silva (*pro hac vice*)
Covington & Burling LLP*
415 Mission St, Ste 5400
San Francisco, CA 94105-2615
Phone: (415) 591-6000
Fax: (415) 591-6091
rfram@cov.com
scai@cov.com
ashi@cov.com
dsilva@cov.com

Neha Jaganathan (*pro hac vice*)
Ryan Partelow (*pro hac vice*)
Joshua Picker (*pro hac vice*)
Covington & Burling LLP*
The New York Times Building
620 Eighth Avenue, 42nd Floor
New York, NY 10018
Phone: (212) 841-1000
Fax: (212) 841-1010
njaganathan@cov.com
rpartelow@cov.com
jpicker@cov.com

Maura Anne Sokol (*pro hac vice*)
Covington & Burling LLP*
850 Tenth Street NW
Washington, DC 20001
Phone: (202) 662-5528
Fax: (202) 778-5528
msokol@cov.com

*Covington & Burling LLP is representing the Petitioners-Plaintiffs identified in Attachment A*

**Attachment A**
Petitioners-Plaintiffs Represented by Covington & Burling LLP

*Mohamed Abdi*
*Eduardo Alicandro-Marquez*
*Dave Alvarenga Vasquez*
*Antonio Aparaicio-Luna*
*Ronaldo Balfour*
*Jermaine Bell*
*Jesus Manuel Chavez Rodriguez*
*Juan Antonio Contreras-Moran*
*Osman Faghi Haji*
*Salvador (Ramon) Garcia*
*Jose Misael Navarro-Gonzalez*
*Abdiaziz Mohamud*
*Neptune Pierre*
*Alberto Perez Arreaga*
*Alexis Ramirez-Portillo*
*Kevin Rivera-Rodriguez*
*Jorge Salas-Marin*
*Fabian Santiago Silva*
*Jose Luis Vergara Patino*

## CERTIFICATE OF SERVICE

I certify that on May 11, 2020, I filed the foregoing using the Court's CM/ECF System, and that all counsel of record will receive notice through that system.

*/s/Elizabeth Bonham*

Elizabeth Bonham (0093733)

| Declaration Paragraph | Objection | Counter Evidence |
|---|---|---|
| ¶13: "Currently, each occupied bed is separated by at least one empty bed for sleeping arrangements." | Hearsay; lacks foundation | • Garcia Decl. ¶ 13: The rows of beds are only about a foot apart.<br><br>• Marquez Decl. ¶ 14: Everyone in the isolation pod sleeps in beds right next to each other that are not separated. The beds are only two feet apart.<br><br>• Haji Decl. at ¶ 6: Beds are about a foot away from each other.<br><br>• Abdi Decl. at ¶ 6: You can reach over and hit the bed next to you.<br><br>• Salas-Marin Decl. at ¶ 8 (same)<br><br>• Patino Decl. at ¶ 10 (same)<br><br>• Gonzalez Decl. at ¶ 8 (same)<br><br>• Garcia Decl. at ¶ 14 (same) |
| ¶ 13: "Currently, meal times are staggered into small groups of 8 with occupied seats being separated by at least one empty seat." | Hearsay; lacks foundation | • Garcia Decl. ¶ 16: Everyone eats at the same time and at tables in which they are no more than two feet apart from each other.<br><br>• Haji Decl. ¶ 11: hot meals are eaten in the "chow," where the detainees sit right next to each other.<br><br>• Patino Decl. at ¶ 10: required to line up to get meals and then eat together at small tables with very little separation.<br><br>• Balfour Decl. ¶ 13: "We line up together in a group and we all sit close to each other."<br><br>• Bell Decl. at ¶ 8: "We are required to line up to get our meals and then eat together at small tables with very little separation." |

| Declaration Paragraph | Objection | Counter Evidence |
|---|---|---|
| | | • Garcia Decl. at ¶ 17: Everyone eats communally in the dorm at the same time.<br><br>• Gonzalez Decl. at ¶ 10: "When we eat our meals, we eat 16 people at a time. While eating, I'm only about a foot away from another detainee." |
| **¶15:** "Access to specialty care is available through outside vendors, including a telephonic system ("telehealth") that is used to consult with doctors for diagnoses and prescriptions, as needed, without in-person appointments. Mental health providers also conduct providers also conduct interviews with detainee/inmates via telehealth for mental health screenings, if needed." | Hearsay; lacks foundation | • Marquez Decl. ¶ 11: "I have not been told about any telehealth capabilities, and I do not know of anyone who has done that. |
| **¶15:** "Access to hospital care is available." | Hearsay; lacks foundation | • Balfour Decl. ¶ 6: Mr. Balfour told guards he needed to see a doctor for help with his breathing, but he has only been seen by a nurse.<br><br>• Haji Decl. at ¶ 13: Bernardo was having trouble breathing, took four days to bring him to the hospital.<br><br>• Contreras Moran Decl. ¶ 10: He observed an older man getting sick on May 2 who couldn't breathe. It took an hour for the correction officer to arrive, and another hour for the nurse to arrive. |
| **¶27:** "Detainee and inmates with confirmed cases have exhibited only mild symptoms or no symptoms at all.  None of the detainees or inmates with a confirmed case has exhibited severe symptoms or required hospitalization." | Hearsay; lacks foundation; providing expert testimony | • Haji Decl. at ¶ 13: Bernardo was having trouble breathing, took four days to bring him to the hospital.<br><br>• Abdi Decl. at ¶¶ 12-13: discussion of Bernardo's case, was gasping for air one night and was not brought to the hospital, two days later he was |

6

| Declaration Paragraph | Objection | Counter Evidence |
|---|---|---|
| | | so sick he couldn't move and it still took all day before he was brought to the hospital.<br><br>• Patino Decl. at ¶¶ 17-21, describes lack of care and severe symptoms of Bernardo Diaz-Rodriguez.<br><br>• Mohamud Decl. at ¶¶ 16-19 (same) |
| ¶ 28: "In response to the situation of confirmed cases of COVID-19 at the facility, MCCF is following guidance recommended by the Ohio Department of Health, which is to monitor vitals every 8 hours." | Lacks foundation | • Abdi Decl. at ¶ 15: vitals only checked twice a day<br><br>• Salas-Marin Decl. at 7: temperature only taken once a day.<br><br>• Mohamud Decl. at ¶ 12: temperature taken twice a day.<br><br>• Gonzalez Decl. at ¶ 14: temperature is taken daily by correctional officers.<br><br>• Garcia Decl. at ¶ 12: temperature and pulse is taken daily. |
| ¶ 28: "The qualified medical staff also asks about any breathing issues or if any individual is experiencing any additional or worsening symptoms." | Hearsay; lacks foundation; offering expert opinion (regarding qualification of medical staff) | • Garcia Decl. ¶ 12: The temperatures are often taken by correction officers, and not qualified medical staff. The staff do not always ask detainees about their symptoms.<br><br>• Marquez Decl. ¶ 11: Mr. Marquez has said he has not seen a doctor or a nurse.<br><br>• Salas-Marin Decl. at ¶ 7: temperature is taken by a correction officer<br><br>• Patino Decl. at ¶ 14: concerned that the limited medical staff at Morrow would be able to manage his asthma |

7

| Declaration Paragraph | Objection | Counter Evidence |
|---|---|---|
| | | - Mohamud Decl. at ¶ 12: only treatment is Tylenol, but the nurse tells us it is better not to take it to fight the virus off ourselves. Temperatures are taken twice a day by a non-medical staff member.<br><br>- Vasquez Decl. at ¶ 13: detainee with diabetes has asked multiple times to have his blood sugar levels checked, they have only been checked twice since he has been detained.<br><br>- Balfour Decl. ¶ 8: The nurses do not visit on the weekends.<br><br>- Belle Decl. at ¶ 12: "Some days I see a nurse, but not every day. Often, it is the correctional officers who enter the pod to take temperatures.<br><br>- Gonzalez Decl. at ¶ 15: "I have been told by officers that in order to get a medical consultation, I either have to be having an emergency or dying."<br><br>- Garcia Decl. at ¶ 12: vitals are typically taken by a correction officer. |
| ¶29: "MCCF has increased sanitation frequency of all housing areas. Cleaning is monitored by the correctional officer. All areas and housing units are cleaned three times per day from top to bottom." | Hearsay; lacks foundation | - Garcia Decl. ¶14: The sheets and towels in the isolation unit have not been changed since he arrived; *id.* ¶ 17: Detainees have to clean the pod themselves with very limited supplies (one spray bottle and twenty brown paper towels)<br><br>- Marquez Decl. ¶ 8: The isolation unit has not been provided with any disinfectant. There are inadequate cleaning materials for the bathroom, and the bathroom is filthy. |

8

| Declaration Paragraph | Objection | Counter Evidence |
|---|---|---|
| | | - Haji Decl. at ¶11: detainees are given cleaning supplies to clean their own pod and bathrooms, including where others have been sick and dispelled bodily fluids.<br><br>- Vasquez Decl. at ¶12: nothing is being cleaned.<br><br>- Salas-Marin Decl. at ¶ 10: nobody is cleaning the isolation unit, detainees not provided with disinfectant.<br><br>- Patino Decl. at ¶15: jail staff refuses to clean the cell or communal bathroom, instead they bring detainees brooms and a window sprayer. Broken pipes and toilets cause additional unsanitary conditions.<br><br>- Balfour Decl. ¶ 13: The detainees are forced to use dirty toilets full of feces and vomit.<br><br>- Contreras Moran Decl. ¶ 11: Nobody cleans or wipes down the surfaces, and the detainees are not provided with disinfectants to clean it themselves. Every two weeks, they receive minimal cleaning supplies.<br><br>- Belle Decl. at ¶¶ 17-18: The jail staff does not clean the communal bathroom which is extremely dirty. Inmates are brought brooms and a window sprayer to clean the pod and bathroom themselves, and are not provided disinfectants.<br><br>- Garcia Decl. at ¶ 18: Inmates are provided limited supplies to clean the common areas themselves. |

| Declaration Paragraph | Objection | Counter Evidence |
|---|---|---|
| ¶ 31: "Inmates/detainees are issued clothing, towels, and bedding upon intake which are laundered twice per week.  Damaged or ruined items may be replaced on a case-by-case basis." | Hearsay; lacks foundation | • Balfour Decl. ¶ 11: His sheets and towel have not been washed or changed at all.<br><br>• Belle Decl. at ¶ 15: "Sometimes it can be a week or more that the clothes are not cleaned. Even when they have been washed, the clothes don't look clean."<br><br>• Pierre Decl. at ¶ 9: "I have received no clean clothes for three days, and before that I was stuck in the same dirty clothes for about a week.  I have used the same dirty sheets for three weeks, and the same towel for four day." |
| ¶ 32: "All staff is using N-95 masks and gloves.  Staff who are assigned to, or enter, the quarantined dormitories wear face shields and gowns in addition to N-95 masks and gloves.  Sanitizer is provided to MCCF staff." | Hearsay; lacks foundation | • Balfour Decl. ¶ 8: Correctional officers entering the pod often do not wear masks or gloves. |

10