IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADENIS ENRIQUE PRIETO REFUNJOL, et al., | : : : | |
| Petitioners-Plaintiffs, | : : | CASE NO. 2:20-cv-2099 |
| v. | : : | |
| REBECCA ADDUCCI, et al., | : : | JUDGE MORRISON |
| Respondents-Defendants. | : : | MAGISTRATE JUDGE VASCURA |

## CONSENT ORDER

### I. INTRODUCTION

1. This Consent Order is entered into by all parties for the purpose of compromising disputed claims based on the Petition (ECF No. 1) and Amended Petition for Writ of Habeas Corpus (ECF No. 14) (hereinafter collectively "the Petitions"), as well as those claims set forth in the Motions for Temporary Restraining Order (ECF Nos. 2 & 15) (hereinafter collectively "the Motions for Temporary Restraining Orders") and avoiding the expenses and risks of further litigation. The parties agree that this controversy should be resolved without further proceedings and without any additional evidentiary hearings or a trial.

    A. **Petitioners**

2. Petitioners who are party to this Consent Order are Juan Antonio Contreras Moran, Eduardo Alicandro-Marquez, Kevin Rivera Rodriguez, Fabian

      Santiago Silva, Jermaine Bell, Ramon Fernando Garcia (a.k.a. Salvador Garcia-Alferez), Osman Faghi (a.k.a. Osman Haji, Osman Haji Osman, Osman Fahi Haji Osman), Majdi Rabee, Antonio Aparicio Luna (a.k.a. Fernando Martinez), Alberto Perez Arreaga, Jose Luis Vergara Patino, Dave Alvarenga Vasquez, Jesus Chavez Rodriguez (a.k.a. Jesus Martinez-Ramon), Jorge Salas Marin, Ronaldo Balfour, Neptune Pierre, Sidi Njie, Adenis Prieto Refunjol, Mohamed Abdi, Abdiaziz Mohamud, and Jose Navarro Gonzalez.[1]

3. Petitioners represent and agree that they are each of legal age and mentally competent to agree to this Consent Order. Petitioners further represent that they each fully understand their right to discuss this Consent Order with an attorney; that to the extent, if any, they so desired, they have availed themselves of this opportunity; that they fully understand all provisions of this Consent Order; and that they are voluntarily entering into this Consent Order with full understanding of its legal consequences and without any duress.

    **B. Respondents**

4. Respondents are Rebecca Adducci in her official capacity as the Field Office Director of the Detroit Field Office of Enforcement and Removal Operations,

---

[1] Two additional Petitioners are still parties to this lawsuit: Mory Keita and Alexis Ramirez Portillo. These two Petitioners are not parties to the terms of this Consent Order.

2

U.S. Immigration and Customs Enforcement and the United States Immigration and Customs Enforcement (hereinafter "ICE").

5. Respondents deny the allegations asserted in the Petitions and Motions for Temporary Restraining Order, and this Consent Order is not, is in no way intended to be, and should not be construed as an admission of liability of fault on the part of the United States, its agents, servants, or employees.

### C. Consent of the Parties to this Order

6. As indicated by the signatures appearing below, the parties agree to the entry of this Order.

It is hereby ORDERED, ADJUDGED, and DECREED:

## II. PETITIONERS DISMISSED WITH PREJUDICE

7. The following Petitioners agree to voluntary dismissal *with* prejudice of each and every one of their respective claims in the Petitions and Motions for Temporary Restraining Order:

   a. Juan Antonio Contreras Moran
   b. Eduardo Alicandro-Marquez
   c. Kevin Rivera Rodriguez
   d. Fabian Santiago Silva
   e. Jermaine Bell
   f. Ramon Fernando Garcia (a.ka. Salvador Garcia-Alferez)

3

      g.    Osman Faghi (a.k.a. Osman Haji, Osman Haji Osman, Osman Fahi Haji Osman).

### III. PETITIONERS DISMISSED WITHOUT PREJUDICE

8. The following Petitioner agrees to voluntary dismissal *without* prejudice provided that ICE will maintain the status quo of his current conditions of release, so long as he continues to comply with those conditions and so long as removal remains unlikely for the reasonably foreseeable future:

      a.    Majdi Rabee

### IV. ALL OTHER PETITIONERS

9. The following Petitioners agree to voluntary dismissal *without* prejudice and agree to voluntarily self-surrender for re-detention for removal at a time and place designated by ICE after ICE has been notified that all documents needed for their removal (if required) have been approved and a final order of removal has been issued for them, and in no event earlier than August 19, 2020:

      a.    Antonio Aparicio Luna (a.k.a. Fernando Martinez)
      b.    Alberto Perez Arreaga
      c.    Jose Luis Vergara Patino
      d.    Dave Alvarenga Vasquez
      e.    Jesus Chavez Rodriguez
      f.    Jorge Salas Marin
      g.    Ronaldo Balfour

      h.    Neptune Pierre

      i.    Sidi Njie

      j.    Adenis Prieto Refunjol.

10. The following Petitioners agree to voluntary dismissal *without* prejudice and agree to voluntarily self-surrender for re-detention for removal at a time and place designated by ICE after ICE has been notified that all documents needed for their removal (if required) have been approved and a final order of removal for them has issued, and after submission of an ex parte, in-camera notice with the District Judge in this matter representing that they have been manifested on a flight to Somalia, or a third country that may accept them, and in no event earlier than August 19, 2020:

      a.    Mohamed Abdi

      b.    Abdiaziz Mohamud.

11. The following Petitioner agrees to voluntary dismissal *without* prejudice and agrees to voluntarily self-surrender for re-detention at a time and place designated by ICE after ICE has been notified that all documents needed for his removal (if required) have been approved and a final order of removal for him has issued and in no event earlier than the date on which he receives his pending Board of Immigration Appeals decision *or* October 5, 2020, whichever comes sooner:

      a.    Jose Navarro Gonzalez.

12. Notwithstanding the foregoing provisions, any Petitioner described in Paragraphs 9, 10, and 11 may depart the United States on his own, effectuating his removal, prior to August 19, 2020. Any Petitioner who chooses to depart on his own consents to later amend the dismissal of his claims to be *with* prejudice. Any Petitioner who chooses to depart on his own must provide or consent to at least one of the following, as appropriate:

    a. If flying into his home country, the Petitioner must provide the itinerary for his flight(s).

    b. If Mexican, and driving or walking across the border to Mexico, the Petitioner may either enroll in ICE's SmartLink program and check-in via the SmartLink app once he arrives in Mexico, or complete an ICE-provided form that must be presented to the U.S. Embassy in Mexico to verify his departure.

13. All Petitioners' agreement to so dismiss and report as directed is additionally contingent on the following representations by Respondents:

    a. At the time this Order is filed, the following Petitioners have final orders of removal and ICE may or may not have or need to have approved travel documents for them:

        i. Antonio Aparicio Luna (a.k.a. Fernando Martinez)

        ii. Mohamed Abdi

        iii. Abdiaziz Mohamud

6

    iv. Alberto Perez Arreaga

    v. Jose Luis Vergara Patino

    vi. Dave Alvarenga Vasquez

    vii. Jorge Salas Marin[2]

    viii. Jose Navarro Gonzalez.[3]

  b. At the time this Order is filed, the following Petitioner does not currently, but could imminently, have an administratively final order of removal, and ICE may or may not have or need to have approved travel documents for him:

    i. Jesus Chavez Rodriguez (a.k.a. Jesus Martinez-Roman).

  c. At the time this Order is filed, the following Petitioners do not have administratively final orders of removal:

    i. Ronaldo Balfour

    ii. Neptune Pierre

---

[2] The parties acknowledge that at the time this Order is filed, Mr. Salas Marin has claimed a fear, and will be referred upon his re-detention to U.S. Citizenship and Immigration Services for a credible fear interview, which could affect the execution of his final order of removal.

[3] The parties acknowledge that at the time this Order is filed, Mr. Navarro Gonzalez has an appeal of the Immigration Judge's denial of relief pending before the Board of Immigration Appeals, which could affect the execution of his final order of removal, as a decision by the Board of Immigration Appeals, if adverse to Mr. Navarro Gonzalez, must be issued prior to his removal to El Salvador.

7

      iii.    Sidi Njie

      iv.    Adenis Prieto Refunjol.

## V. CONDITIONS OF RELEASE AND RESPONDENTS' OBLIGATIONS APPLICABLE TO ALL PETITIONERS DESCRIBED IN SECTION IV, ABOVE

14. While Petitioners are in the community, they are all subject to the following conditions of release, which will be imposed upon their reporting to ICE at the Columbus ERO Office,[4] 50 West Broad Street, 3rd Floor, Columbus, OH 43215, on August 6, 2020, at any time between 8:00 AM and 2:00 PM and Respondents have the following corresponding obligations:

    a.    Petitioners must submit to supervision—which may include Global Position System (GPS) monitoring with an ankle bracelet, also known as "a tether"—and continue to report for supervision to an identified supervising officer as directed;

    b.    Petitioners represent that they can be contacted at the phone number(s) and will reside at the respective addresses listed in the document provided to ICE on August 5, 2020. Petitioners understand that (1) they must continue to reside at their current addresses unless prior authorization is verbally granted by the supervising officer before any

---

[4] Petitioner Refunjol is required to report to ICE at the Miramar ERO Sub-Office, 2805 SW 145th Avenue, Miramar, FL 33027, on Thursday, August 6, 2020, at any time between 8:00 AM and noon.

8

        change in address; and (2) that they must immediately notify their supervising officer of any change in phone number;

c. Petitioners are subject to home detention, meaning they are restricted to their residence except for the following activities, which require pre-approval by the supervising officer as to the location and duration of the activity: religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligations; employment (only with a valid DHS-issued employment authorization document); or other activities pre-approved by the supervising officer;

d. Petitioners must not violate any state, local, or federal law, and must comply with all national, state, and local shelter-in-place and public safety orders and CDC guidelines regarding COVID-19;

e. Petitioners must report immediately to their supervising officer any contact with law enforcement including arrests, questioning, or traffic stops;

f. Petitioners must cooperate in assisting ICE to obtain any required documents needed for their removal;

9

   g. ICE must pause GPS monitoring upon demonstration of medical necessity as determined by a medical professional; and

   h. Petitioners will not be required to pay any cost related to GPS monitoring.

15. Any of these conditions may be modified by the supervising officer at the request of the Petitioner.

16. Any violation or refusal to comply with any of the conditions specified in Paragraph 14 may result in a modification or immediate redetermination of custody in the sole discretion of Respondents.

17. Any violation or refusal to comply with any of the foregoing conditions of release may also result in immediate referral to the United States Attorney's Office for prosecution for contempt of court. Any such contempt order will also result in the immediate issuance of an arrest warrant.

## VI. ENFORCEMENT

18. The Court will retain jurisdiction to enforce the terms of the Order. Any action to enforce any provision of this Order must be brought in the Southern District of Ohio before Judge Morrison.

19. All parties will endeavor, in good faith, to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. If informal resolution fails, the Court may order mediation with Magistrate Judge Chelsey M. Vascura or impose

10

any remedy authorized by law or equity including but not limited to requiring performance of the Order. Notwithstanding the provisions in this paragraph, any failure by any Petitioner to comply with the terms of this Order may result in a modification or immediate redetermination of custody and prosecution for contempt of court as provided above while the discussions contemplated by this paragraph occur.

## VII. RELEASE OF CLAIMS

20. The parties hereby mutually release and forever discharge one another and their past and present respective officers, agents, and employees, from any and all claims, demands, suits, rights, damages, administrative remedies, and causes of action of any kind, nature, and character, known and unknown, arising from or related to the circumstances described in the Petitions and Motions for Temporary Restraining Orders as of the date of the entry of this Consent Order. Nothing in this paragraph, however, shall be construed to preclude any Petitioner who dismissed his claim from filing subsequent litigation, including a habeas action, against any Respondent, for any reason other than based on the specific allegations in the Petitions and Motions for Temporary Restraining Orders.

21. The parties agree that they will file a Notice of Voluntary Dismissal, including dismissal of the pending appeal (Case No. 20-3757), in accordance with this Order.

22. The parties agree that each will bear their own costs, fees, and expenses.

11

23. The parties agree that should any provision of this Consent Order be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the remainder of the Order shall nonetheless remain binding and in effect.

## VIII. MISCELLANEOUS

24. This Consent Order constitutes the full and complete agreement among the parties and fully supersedes any and all prior agreements or understandings among the parties pertaining to the subject matter of this action. There are no oral side agreements or understandings except the Memorandum of Understanding entered on July 31, 2020, before Magistrate Judge Vascura, upon which this Order is based and now supersedes. No other promises or agreements shall be binding unless signed by the parties.

25. This Consent Order shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto.

26. The parties agree that the terms of this Consent Order are based only on specific circumstances related to this matter alone; no precedent is established by this Consent Order.

27. The parties agree that this Consent Order may be made public in its entirety, and all parties expressly consent to such release and disclosure. Nothing in this paragraph, however, makes public any documents in this litigation that were previously sealed or agreed to be confidential.

28. It is contemplated that approval to this Consent Order may be executed in several counterparts, with a separate signature page for each party's counsel. All such counterparts and signature pages, together, shall be deemed to be one document.

29. The parties agree to accept a handwritten signature transmitted electronically by any party to this agreement. Such a signature shall have the same legal effect and shall be equally enforceable in law and/or equity as the handwritten original signature.

*[signature]*
United States District Judge

Agreed to by:

DAVID M. DEVILLERS
United States Attorney

s/Christopher R. Yates
CHRISTOPHER R. YATES (0064776)
Assistant United States Attorney
Christopher.Yates@usdoj.gov

s/Leah M. Wolfe
LEAH M. WOLFE (0093299)
Assistant United States Attorney
Leah.Wolfe@usdoj.gov

Attorneys for Respondents
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715

/s/ Elizabeth Bonham
Elizabeth Bonham (0093733) (trial counsel)
Freda Levenson (0045916)
ACLU of Ohio Foundation**
4506 Chester Avenue
Cleveland, OH 44103
Phone: (614) 586-1972
Fax: (614) 586-1974
ebonham@acluohio.org
flevenson@acluohio.org

Claire Chevrier (*pro hac vice*)
ACLU of Ohio Foundation**
1108 City Park Avenue
Suite 203
Columbus, OH 43206
Phone: (614) 586-1972
Fax: (614) 586-1974
cchevrier@acluohio.org

**The ACLU of Ohio is counsel for all Petitioners in this action except for Mory Keita.*

Robert Fram (*pro hac vice*)
Sophia Cai (*pro hac vice*)
Annie Shi (*pro hac vice*)
Dylan Silva (*pro hac vice*)
Covington & Burling LLP*
415 Mission St, Ste 5400
San Francisco, CA 94105-2615
Phone: (415) 591-6000
Fax: (415) 591-6091
rfram@cov.com
scai@cov.com
ashi@cov.com
dsilva@cov.com

Neha Jaganathan (*pro hac vice*)
Ryan Partelow (*pro hac vice*)
Joshua Picker (*pro hac vice*)
Covington & Burling LLP*
The New York Times Building
620 Eighth Avenue, 42nd Floor
New York, NY 10018
Phone: (212) 841-1000
Fax: (212) 841-1010
njaganathan@cov.com
rpartelow@cov.com
jpicker@cov.com

Maura Anne Sokol (*pro hac vice*)
Covington & Burling LLP*
850 Tenth Street NW
Washington, DC 20001
Phone: (202) 662-5528
Fax: (202) 778-5528
msokol@cov.com

**Covington & Burling LLP is counsel for all Petitioners in this action except for Sidi Njie, Adenis Prieto-Refunjol, and Mory Keita*