UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ADENIS ENRIQUE PRIETO REFUNJOL**, *et al.*,

    Petitioners

v.

**REBECCA ADDUCCI**, *et al.*,

    Respondents.

**Case No. 2:20-cv-2099**
**Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court on Respondents' Motion to Dismiss for Failure to Prosecute as to Petitioners Mory Keita and Alexis Ramirez Portillo. (ECF No. 86.) Neither Mr. Keita nor Mr. Ramirez Portillo have responded to the Motion in any way. For the reasons that follow, Respondents' Motion is **GRANTED** and Messrs. Keita and Ramirez Portillo's claims are **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

I.

Petitioners filed their Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order on April 24, 2020. (ECF Nos. 1, 2.) On August 6, 2020, Respondents and all Petitioners except Mory Keita and Alexis Ramirez Portillo entered into a Consent Order, which resolved the matter as to the

1

consenting parties. (ECF No. 64.) Accordingly, Messrs. Keita and Ramirez Portillo are the only remaining Petitioners. (*See* ECF Nos. 60, 65, 69.)

Mr. Keita's attorneys withdrew in June 2020, following a finding that Mr. Keita was in contempt for failing to appear at a show cause hearing. (*See* ECF Nos. 56, 58.) Mr. Keita has not taken any action in this case since that date.

Similarly, Mr. Ramirez Portillo's attorneys withdrew in August 2020. (*See* ECF No. 66.) He has not taken any action in this case since that date. Further, mail sent to Mr. Ramirez Portillo has been returned as undeliverable. (*See* ECF No. 85.)

## II.

A district court has inherent authority to dismiss a plaintiff's action because of its failure to prosecute. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute . . ., a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."). *See also Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations and alterations omitted).

The Court of Appeals for the Sixth Circuit directs a district court to consider the following four factors in determining whether to dismiss an action for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to

2

>cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id*. (quoting *Knoll*, 176 F.3d at 363).

### III.

Under the present circumstances, the Court finds it is appropriate to dismiss the claims brought by Messrs. Keita and Ramirez Portillo pursuant to Federal Rule of Civil Procedure 41(b). Respondents argue that Messrs. Keita and Ramirez Portillo appear to have willfully abandoned their claims. The Court agrees. The Court further finds that Respondents have been prejudiced by Messrs. Keita and Ramirez Portillo's conduct. Respondents have resolved all claims brought by the other twenty-one Petitioners; they cannot be expected to expend resources indefinitely defending claims which are clearly not being pursued. Copies of both the Court's December 9, 2020 Order directing the parties to file a status report, and Respondents' Motion to Dismiss were mailed to Messrs. Keita and Ramirez Portillo at their last known mailing address. (*See* ECF Nos. 82, 85. *See also* ECF No. 86, PAGEID # 1709.) Neither Petitioner responded, in any way, to either. Finally, there is no appropriate sanction in this circumstance that is less drastic than dismissal.

Accordingly, Respondents' Motion is **GRANTED**. All claims brought by Petitioners Mory Keita and Alexis Ramirez Portillo are hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**